UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ELWIN WEEKES and VARENE DALEY,

                    Plaintiffs,

- against -

INDYMAC BANK MORTGAGE SERVICES,
et al.

                    Defendants.
----------------------------------------------------------X

**REPORT AND RECOMMENDATION**

12 CV 5350 (SJ) (CLP)

On October 24, 2012, plaintiffs Elwin Weekes and Varene Daley (collectively, "plaintiffs") filed this action against defendants Indymac Bank Mortgage Services, Commercial Express Funding Corp., Net Bank, Glen Lombardo, Carlinsky, Dunn & Pasquariello, Corner Stone Abstract, Harvey Geller, Scott Marinoff, and John Does 1-10 (collectively, "defendants"), alleging race discrimination in violation of the Fair Housing Act, 42 U.S.C. § 3601 et seq., the Equal Credit Opportunity Act, 15 U.S.C. § 1691 et seq., and the Civil Rights Act, 42 U.S.C. §§ 1981, 1983 et seq., in addition to violations of the Truth in Lending Act, 11 U.S.C. § 1601 et seq., the Home Ownership and Equity Protection Act, 15 U.S.C. § 1639 et seq., and various state and common laws.

Having received no update from plaintiffs as to the progress of this action between the time they filed their Complaint and February of 2013, the undersigned issued an Order on February 21, 2013 directing plaintiffs to provide a status report within thirty days. On March 14, 2013, counsel for plaintiff Elwin Weekes[1] responded to the undersigned's Order, requesting

---

[1] It is unclear whether counsel also represents Varene Daley. Although counsel is listed as the attorney of record for both Elwin Weekes and Varene Daley, counsel states: "I represent Elwin Weekes, the Plaintiff in the aforesaid proceeding." (See the letter submitted by counsel for Elwin Weekes on March 14, 2013 ("Weekes Ltr.")).

leave to amend the Complaint and to serve the defendants within forty days. (See Weekes Ltr.). Counsel states that plaintiff Weekes did not serve the defendants "because he tried to modify his mortgage but a modification agreement could now be reached." (Id.) Counsel does not provide any additional information explaining why plaintiffs failed to serve defendants within the 120-day time period required by the Federal Rules of Civil Procedure.

According to Rule 4(m) of the Federal Rules of Civil Procedure:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . .

Filing an amended complaint will not enable a plaintiff to circumvent this 120-day rule. See Marby v. New York City Dept. of Corrections, No. 05 CV 8133, 2008 WL 619003, at *6 (S.D.N.Y. March 7, 2008).

Moreover, although Rule 4(m) explicitly requires a court to extend the time of service when good cause is shown, "'[g]ood cause exists only in exceptional circumstances, where the insufficiency of service results from circumstances beyond the plaintiff's control.'" Sikhs For Justice v. Kath, No. 10 CV 2940, 2012 WL 4328329, at *6 (S.D.N.Y. Sept. 21, 2012) (quoting Khanukayev v. City of New York, No. 09 CV 6175, 2011 WL 5531496, at *3 (S.D.N.Y. Nov. 15, 2011)). As one court has observed, "though leniency may sometimes be appropriate for those who have in good faith attempted timely service, to afford it to litigants who have failed to make even the most basic efforts would turn Rule 4(m) into a toothless tiger." National Union Fire Ins. Co. v. Sun, No. 93 CV 7170, 1994 WL 463009, at *4 (S.D.N.Y. Aug. 25 1994) (refusing to grant

leniency because plaintiff failed to provide any explanation whatsoever for its failure to effectuate service of process).

In this case, plaintiffs have failed to show good cause as to why service could not be effectuated within the 120 days following the filing of their Complaint. Although plaintiff Weekes' counsel states service was not completed "because [Weekes] tried to modify his mortgage but a modification agreement could not be reached," the Court is unclear as to why or how this precluded service of process. (See Weekes Ltr.). Accordingly, unless plaintiffs show good cause by **April 5, 2013** for their failure to serve defendants pursuant to Rule 4(m), the Court respectfully recommends that plaintiffs' motion to amend be denied and that the action be dismissed without prejudice for failure to serve.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report. Failure to file objections within the specified time waives the right to appeal the District Court's order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72(b); Small v. Secretary of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

The Clerk is directed to send copies of this Report and Recommendation to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
March 20, 2013

Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York