UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
ELWIN WEEKES and VARENE DALEY,

                                                                    12 CV 5350 (SJ) (CLP)

                Plaintiffs,
    v.

                                                             <u>ORDER ADOPTING</u>
                                                             <u>REPORT AND</u>
                                                             <u>RECOMMENDATION</u>

INDYMAC BANK MORTGAGE
SERVICES, et al.,

                Defendants.
----------------------------------------------------X

A P P E A R A N C E S
DAHIYA LAW OFFICES
350 Broadway
Suite 412
New York, NY 10013
By:    Karamvir Dahiya
*Attorneys for Plaintiff*

**JOHNSON, Senior District Judge,**

      Elwin Weekes and Varene Daley ("Plaintiffs") filed this action on October 26, 2012, claiming that defendants violated various federal statutes in the course of persuading Plaintiffs to refinance a home purchased by them over 20 years ago, including the Truth in Lending Act, 11 U.S.C. § 1601 <u>et seq.</u>, the Fair Housing Act, 42 U.S.C. § 3601 <u>et seq.</u>, the Home Ownership and Equity Protection Act, 15 U.S.C. § 1639, <u>et seq.</u>, the Equal Credit Opportunity Act, 15 U.S.C. 1691, <u>et seq.</u>, as well as 42 U.S.C. §§ 1981 and 1983. Appended to these claims were claims for breach of

1

contract, breach of fiduciary duty, claims pursuant to New York's General Business Law, and related common law claims.

In a nutshell, Plaintiffs claim that defendants targeted unsophisticated minority homeowners, lured Plaintiffs (both African-American) to refinance their home without the aid of legal counsel and failed to provide the mandatory disclosures that would have informed them that the terms of the refinance were all but favorable to Plaintiffs, in that the low interest rate promised would soon be substituted with one way higher that was financially unmanageable.

On February 21, 2013, Magistrate Judge Cheryl L. Pollak ordered Plaintiffs to file a status report. By this time, 120 days had elapsed since the filing of the complaint and, according to Federal Rule of Civil Procedure 4(m), the court "must" at that point dismiss the action unless "good cause for the failure" is shown. Fed. R. Civ. P. 4(m).

The status report indicated that defendants had yet to be served because plaintiff Weekes "tried to modify his mortgage but a modification agreement could not be reached." (Dkt. No. 3.) Weeks requested an additional 40 days to serve defendants. Judge Pollak then issued a Report and Recommendation ("Report"), both providing Plaintiffs with the opportunity to show cause for the delay (which would permit the Court to grant them additional time for service) and recommending

to the undersigned that the action be dismissed pursuant to Rule 4(m) in the absence of a showing of cause. There has been no response from Plaintiffs. Therefore this action is hereby dismissed pursuant to Rule 4(m). The Clerk of the Court is directed to close the case.

**SO ORDERED.**

DATED: April 21, 2012 _____/s_____
       Brooklyn, New York        Sterling Johnson, Jr, U.S.D.J.